IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | NO.   4:12-CR-71-A-1 |
| v. | |
| KIMBERLY NICOLE SEVENER | |

**RESPONSE TO THIS COURT'S ORDER
ON SEVENER'S SECTION 3582(c)(2) MOTION**

The Fifth Circuit remanded this case for the limited purpose of allowing this Court to consider whether Sevener is eligible for an 18 U.S.C. § 3582(c)(2) reduction to her 188-month term of imprisonment, and the government agrees with probation that she is eligible and does not oppose a reduction to 151 months, which is consistent with Section 3582(c)(2) reductions defendants in a related case received.

**Background**

Sevener pled guilty in 2012 to conspiring to distribute heroin and to possess heroin with the intent to distribute. (Dkt. 14.) The PSR held her responsible for 1.5 kilograms of heroin, which under the 2011 version of the Guidelines Manual equated to a base offense level of 32. (Dkt. 18-1 (PSR) ¶ 53.) It added two levels because she maintained a drug premises and another two levels because she attempted to obstruct justice, for a total offense level of 36. (*Id.* ¶¶ 54, 57, 61.) Combined with a criminal-history category of III, this resulted in an advisory guideline range of 235 to 293 months, which was capped at 235 to 240 months by virtue of the statutory maximum. (*Id.* ¶ 115.) At

sentencing, the district court sustained Sevener's objection to the drug-premises enhancement, which reduced her guideline range to 188 to 235 months. (Dkt. 45 at 5-8.) The court imposed a 188-month sentence. (*Id*. at 12.)

In 2020, Sevener moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the drug-quantity table in USSG § 2D1.1, which increased the drug amounts necessary to qualify for certain base offense levels and applied retroactively to defendants sentenced before November 1, 2014, the amendment's effective date. (Dkt. 33.) Her motion included a review of rehabilitative efforts she had completed in prison. (*See id*.)

> The Court denied the motion, reasoning:
>
> For defendant's information, the court does not have the authority to reduce her sentence even if the undersigned were to be persuaded that the facts and circumstances pertaining to her case would cause a reduction to seem appropriate. There might well be programs initiated by the Bureau of Prisons pursuant to the authority of the First Step Act of 2018 that would enable defendant to take actions while she is in prison that could lead to reductions in the time she would be required to serve under her sentence as it was imposed. The court suggests to defendant that she confer relative to those matters with the person to whom she goes for advice or guidance at [her BOP institution].

(Dkt. 34.)

It appears from the government's review of this case that, because Sevener filed her Section 3582(c)(2) motion based on Amendment 782 well after most other defendants had filed such motions and during the time in which several defendants were filing First Step Act crack-cocaine sentence-reduction motions (for which she is not eligible), the Court perceived Sevener as moving for a sentence reduction under the First Step Act

rather than under 18 U.S.C. § 3582(c)(2) and Amendment 782.  Therefore, after Sevener appealed the Court's order, the government asked that the Fifth Circuit order a limited remand for the purpose of allowing this Court to decide whether Sevener is eligible for a Section 3582(c)(2) reduction and, if so, whether to grant her such a reduction.  After the Court rules on this issue, the government will likely move to dismiss Sevener's appeal because the issue will have been resolved.

In terms of Sevener's eligibility, the government concurs with probation's Amendment 782 worksheet, which found that Sevener is eligible for a Section 3582(c)(2) sentence reduction because the amendment lowered her guideline range from 188 to 235 months to 151 to 188 months.  (Dkt. 51 at 3-4.)  In terms of whether to grant any reduction, the government does not oppose a reduction to the bottom of Sevener's new range (151 months) because the Court originally imposed a bottom-of-the-guidelines sentence of 188 months on Sevener.

Such a reduction is supported by the fact that Sevener is a minimum-security prisoner at her BOP facility and has no prison disciplinary history.  (Dkt. 51 at 6.)  Additionally, this Court has given similar Section 3582(c)(2) reductions to defendants in a case related to Sevener's.  (*See* Dkt. 18-1 (PSR), p. 3 (identifying No. 4:11-CR-180-A as a related case).)

In the related case, defendant Timothy Metzler received a sentence reduction from 75 months to 70 months, (Case No. 4:11-CR-180-A, Dkt. 271); Matthew Talamini received a sentence reduction from 110 months to 92 months, (*id*. Dkt. 283); Christopher

**Government's Response to Court's Order—3**

Sibley received a sentence reduction from 108 months to 87 months, (*id*. Dkt. 284); Michael Diaz received a sentence reduction from 108 months to 87 months, (*id*. Dkt. 294); Manuel Parada received a sentence reduction from 79 months to 64 months, (*id*. Dkt. 295); John Talamini received a sentence reduction from 135 months to 108 months, (*id*. Dkt. 302); Mario Guerra-Rocha received a sentence reduction from 340 months to 306 months, (*id*. Dkt. 306); Agusten Diaz received a sentence reduction from 480 months to 420 months, (*id*. Dkt. 308); and Mark Talamini received a reduction from 312 months to 270 months, (*id*. Dkt. 312).

The range of these reductions spanned five months at the low end and 60 months at the high end. The government's proposed reduction of 37 months (from 188 to 151 months) thus falls well within this range. For these reasons, the government does not oppose a reduction to 151 months for Sevener.

Respectfully submitted,

Erin Nealy Cox
United States Attorney

*/s/ Leigha Simonton*
Leigha Simonton
Assistant United States Attorney
Texas Bar No. 24033193
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600
leigha.simonton@usdoj.gov

Attorneys for Appellee

**Government's Response to Court's Order—4**

## CERTIFICATE OF SERVICE

I certify that this document was filed through the Court's ECF system on November 6, 2020, and that: (1) any required privacy redactions have been made; (2) the electronic submission is an exact copy of the paper document; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses. The government also mailed a copy to Kimberly Sevener, #43960-177, BOP Aliceville FCI-Camp, P.O. Box 487, Aliceville, Alabama 35442, via certified mail.

*/s/ Leigha Simonton*
Leigha Simonton